UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:24-cv-05414-CAS-RAOx | Date | October 7, 2024 |
|---|---|---|---|
| Title | Raffi Balgevorgyan v. BMW Financial Services NA, LLC et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Deborah Parker | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Armen Margarian             Julieta Stepanyan

**Proceedings:** ZOOM HEARING RE: PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT (Dkt. 13, filed on July 25, 2024)

## I. INTRODUCTION

On January 10, 2024, plaintiff Raffi Balgevorgyan ("plaintiff") filed suit against defendants BMW Financial Services NA, LLC, Finchey Corporation of California, and Does 1-30 in Los Angeles County Superior Court. Dkt. 1-1 ("Compl."). Plaintiff's complaint originally alleged five claims, each against all defendants: (1) fraud and deceit; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of the California Business & Professions Code § 17200, *et seq.*; (4) violation of the California Business & Professions Code § 17500, *et seq.*; and (5) violation of the California Consumer Legal Remedies Act. Compl. at 16-35. Plaintiff sought recovery of appropriate actual, incidental, consequential, and punitive damages; appropriate restitution, injunctive relief, and interest; and attorneys' fees and costs. Id. at 39. Alternatively, plaintiff sought recovery of $131,988.73 in damages and other relief that "the Court deems just and appropriate," plus attorneys' fees and costs. Id.

On May 30, 2024, plaintiff dismissed defendant Finchey Corporation of California from the case. Dkt. 1-4, Ex. D. On June 26, 2024 defendant BMW Financial Services NA, LLC, the only remaining named defendant ("defendant" or "BMW FS") removed the case to this Court based on diversity jurisdiction. Dkt. 1 at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-05414-CAS-RAOx | Date | October 7, 2024 |
|---|---|---|---|
| Title | Raffi Balgevorgyan v. BMW Financial Services NA, LLC et al | | |

On July 25, 2024, plaintiff filed a request to dismiss his fraud claim without prejudice and strike his claim for punitive damages. Dkt. 12. On the same day, plaintiff filed the instant motion to remand the case to Los Angeles County Superior Court. Dkt. 13 ("Mot."). On August 5, 2024, the Court issued an order to show cause on why the action should not be remanded to state court for lack of subject matter jurisdiction. Dkt. 15. On August 6, 2024, the Court granted plaintiff's request to dismiss his fraud claim without prejudice and strike his claim for punitive damages. Dkt. 16. On August 19, 2024, defendant filed a response to the Court's order to show cause. Dkt. 19.

On September 16, 2024, defendant filed an opposition to the instant motion to remand. Dkt. 26 ("Opp."). On September 23, 2024, plaintiff filed a reply to defendant's opposition to the motion to remand. Dkt. 25 ("Reply").

On October 7, 2024, the Court held a hearing. Plaintiff's motion to remand is presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts in his complaint. On or around July 26, 2020, plaintiff leased a vehicle from Finchey Corporation of California, a dealership located in Glendale, California. Compl. ¶¶ 3, 14. The terms of the lease were devised and drafted by defendant BMW FS. Id. ¶ 22. On December 5, 2021, the vehicle was involved in a collision. Id. ¶ 25. On December 13, 2021, plaintiff filed a claim with his insurance company, which deemed the vehicle a total loss and issued a payout of $43,898.40. Id. ¶ 25-26. Defendant BMW FS collected this full sum. Id. ¶ 27. Under the terms of the lease agreement, plaintiff contends that he is entitled to $13,136.79 of the insurance proceeds, which defendant has wrongfully withheld. Id. ¶ 30.

## III. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-05414-CAS-RAOx | Date | October 7, 2024 |
|---|---|---|---|
| Title | Raffi Balgevorgyan v. BMW Financial Services NA, LLC et al | | |

Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:3741 (The Rutter Group 2020).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

## IV.  DISCUSSION

Plaintiff argues that remand is required because the Court lacks subject matter jurisdiction. Mot. at 12. Plaintiff contends that diversity jurisdiction does not exist because defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Id. Plaintiff does not challenge the diversity of citizenship between plaintiff (a citizen of California) and defendant (a citizen of Delaware and New Jersey). Id.; Dkt. 1 at 3.

Plaintiff claims that his original complaint included a claim for fraud and punitive damages, but after learning that defendant did not train the dealership's personnel, plaintiff determined that no fraud could have been committed by the dealership on behalf of defendant. Mot. at 10. Without fraud allegations, plaintiff contends that defendant's notice of removal is based on a hypothetical scenario in which the Court awards "nine times punitive damages, the odds of which are very low." Id. at 12. Plaintiff argues that defendant's estimated damages calculation is speculative and flawed, as plaintiff's actual damages are $13,136.79 and his actual costs are $620.83. Id. at 13-15. As for punitive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:24-cv-05414-CAS-RAOx | Date | October 7, 2024 |
|---|---|---|---|
| Title | Raffi Balgevorgyan v. BMW Financial Services NA, LLC et al | | |

damages, plaintiff argues that defendant has not provided any evidence to support its calculation, but even if punitive damages were included in the amount in controversy, the total would still fall below $75,000. Id. at 15-17. Moreover, given plaintiff's motion to strike his claim for punitive damages, the "realistic" amount for damages is $13,136.79. Id. at 17. As for attorneys' fees, plaintiff states that they should be excluded from the amount in controversy. Id. at 17-18. Even assuming they are included, plaintiff claims that defendant failed to meet its burden of explaining what the amount would be. Id. at 18-19.

In opposition, defendant argues that the removability of a case is determined by the complaint as it existed in state court at the time of removal. Opp. at 3. At the time of removal here, defendant contends that plaintiff's complaint explicitly sought $131,988.73 in damages. Id. at 5. Thus, defendant argues that the federal jurisdictional threshold is presumptively satisfied. Id. at 5-6. Defendant further argues that the preponderance of the evidence standard only applies when a complaint is ambiguous about the amount in controversy, unlike the original complaint here. Id. at 6. Because, as defendant argues, it is not a "legal certainty" that plaintiff cannot recover $131,988.73, the amount in controversy is met. Id. at 6-7. Further, defendant notes that the Ninth Circuit has held that attorneys' fees are included in the amount in controversy and that California courts have found the alleged ratio of actual to punitive damages to be permissible. Id. at 7-9.

In reply, plaintiff argues that defendant ignores the fact that prior to removal, when plaintiff discovered the absence of fraud, defendant refused to stipulate to the filing of an amended complaint. Reply at 4. Plaintiff claims that instead of making a good faith effort at meeting and conferring, defendant removed the case as a "tactical choice." Id. at 4-5. As a result, plaintiff was only able to dismiss his fraud claim after the case was removed. Id. at 4. Finally, plaintiff reiterates his arguments that defendant did not provide sufficient evidence of the attorneys' fees amount or of the appropriateness of punitive damages. Id. at 9-10.

In order to establish removal jurisdiction in an action premised on diversity of citizenship, the removing defendant must demonstrate that (1) the amount in controversy exceeds $75,000, and that (2) the suit is between citizens of different states. See 28 U.S.C. § 1332. Here, as complete diversity between the parties is not disputed, the Court finds that subject matter jurisdiction depends upon the amount in controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-05414-CAS-RAOx | Date | October 7, 2024 |
|---|---|---|---|
| Title | Raffi Balgevorgyan v. BMW Financial Services NA, LLC et al | | |

Plaintiff argues that, following the post-removal dismissal of his fraud and punitive damages claims, his damages are only $13,136.79—far from $75,000. However, "the amount in controversy is assessed at the time of removal." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417 (9th Cir. 2018). "[W]hen the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction." Id.; see also DHR Int'l Inc. v. Charlson, No. C 14-1899 PJH, 2014 WL 4808752, at *8 (N.D. Cal. Sept. 26, 2014) ("Events occurring after the filing of the complaint that reduce the amount recoverable below the requisite amount do not oust the court from jurisdiction"). Where a plaintiff's state court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy." 28 U.S.C § 1446(c)(2).

The Court finds that at the time of removal, plaintiff's complaint explicitly sought to recover $131,988.73 in damages, apparently in good faith. See Compl. at 39. The subsequent dismissal of plaintiff's fraud claim and striking of his punitive damages claim "do[] not oust the federal court of jurisdiction." See Chavez, 888 F.3d at 417. Thus, the demand for $131,988.73 in the original complaint exceeds $75,000 and satisfies the amount in controversy requirement. Given that the amount in controversy and complete diversity requirements are met, the Court finds that it has diversity jurisdiction over this case.

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to remand the case to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |